UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE KNAPP,

    Plaintiff,

v.

    Case No. 1:21-cv-280

    Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits and supplemental security income benefits. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 23) recommending that the Court affirm the Commissioner's decision in part as to Plaintiff's eligibility for disability insurance benefits before 2017 and remand the matter for further factual findings regarding her eligibility for supplemental security income benefits. Before the Court are Plaintiff's objections to the R&R (ECF No. 24). Plaintiff objects to the conclusion that she is not entitled to disability insurance benefits and asks the Court to remand the entire case. For the reasons herein, the Court will deny the objections and adopt the R&R.

### I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. Plaintiff's Objections

*Constitutional Challenge.* According to Plaintiff, the decisions by the administrative law judge ("ALJ") and the Appeals Council are invalid because the Commissioner of Social Security is removable only for cause, which creates a separation-of-powers problem. But Plaintiff does not grapple with the magistrate judge's disposition of that issue. The Court discerns no error in the reasoning of the R&R.

*Opinion of Treating Physician.* Plaintiff's disability insurance expired at the end of 2016. The ALJ concluded that Plaintiff was not disabled before her insurance expiration date, or at any time up to the date of the ALJ's decision in January 2021. Plaintiff suffers from cervical dystonia, also known as spasmodic torticollis, a painful contraction of muscles in the neck that causes the head to twist in one direction. She also suffers from "degenerative disc disease and disc protrusions of the lumbar spine, sacroiliitis, tronchanteric bursitis of the right hip, degenerative disc disease of the right shoulder, migraine headaches, obesity, hypertension, major depressive disorder, mood disorder, and anxiety disorder[.]" (R&R 5.)

Plaintiff's treating physician, Dr. Goodman, opined in 2014 that Plaintiff's conditions limited her ability to perform work-related activities. (*See* R&R 11.) The ALJ accepted many of the limitations asserted by Dr. Goodman but discounted others when determining Plaintiff's

2

residual functional capacity ("RFC"). The magistrate judge concluded that substantial evidence supports the ALJ's decision to discount parts of the opinion by Plaintiff's treating physician. (*See* R&R 11-16.) Among other things, parts of the record indicate that Plaintiff's back and neck pain were intermittent and infrequent around the time of Goodman's opinion. (*See id.* at 15.)

Plaintiff cites evidence in the record that she reported pain to her medical providers on several occasions in 2014 through 2017; she asserts that, "even if intermittent," Plaintiff's symptoms were sufficient to render her disabled. (Pl.'s Objs. 3.) But that argument does not undermine the magistrate judge's conclusion that substantial evidence supports the ALJ's decision to discount Dr. Goodman's opinion. The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'" *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding[.]" *Id.* Substantial evidence supports the ALJ's decision to discount Goodman's opinion and to conclude that Plaintiff was not disabled before 2017.

*Opinions of Single Medical Decisionmakers*. Plaintiff objects that the ALJ gave improper weight to the opinions of non-examining "single medical decisionmakers"; she complains that "the Magistrate's R&R does not deal with this issue." (Pl.'s Objs. 4.) But the magistrate judge likely did not address the issue because Plaintiff never raised it in her opening brief. She raised it for the first time in her reply to Defendant's response. Consequently, her argument was not properly before the magistrate judge and is not properly before this Court. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in . . . replies to responses."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 et seq.]

does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

And at any rate, the ALJ gave only "partial weight" to the opinions of the non-examining consultants. (ALJ Decision, ECF No. 10-15, PageID.1623.) Plaintiff does not explain why it was improper for the ALJ to do so. Plaintiff simply asserts that other district courts have found reliance on such opinions to be a "reversible error." (Pl.'s Objs. 4.) It is not the Court's job to make Plaintiff's arguments for her.

*Conservative Treatment*. Plaintiff faults the ALJ for noting that Plaintiff received "relatively conservative treatment" and then using that as a basis to discount Plaintiff's credibility regarding the intensity, persistence, and limiting effects of her symptoms. This argument is meritless because the ALJ's characterization is consistent with how Plaintiff's own providers described her treatment, including Dr. Goodman. (*See* Medical Records, PageID.236, 762, 765, 998.) Like the ALJ, they were apparently referring to the fact that Plaintiff initially received medication, chiropractic care, and physical therapy for her symptoms rather than surgery or more invasive procedures. Plaintiff asserts that the treatment she received could not be characterized as conservative because it was the only treatment available. She offers no support for that assertion.

In summary, Plaintiff's objections are meritless or are not properly before the Court.

The Court notes that Defendant has not objected to the recommendation to remand the case for further findings, and the Court agrees with the magistrate judge's conclusions in that regard. In addition to the discussion in the R&R, the Court notes its concern with the ALJ's assertions that Plaintiff's "gait and sensorimotor function have mostly been described as normal" and that she has experienced "relatively stable symptomology." (ALJ Decision, PageID.1623.) For reasons discussed in the R&R, Plaintiff's condition appears to have worsened in 2017, and her

4

deteriorating symptoms were especially evident in her "antalgic" gait, neck tremors, reduced range of motion, and dystonia.  (*See* R&R 17-19.)  The ALJ does not seem to have accounted for Plaintiff's changed condition.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 24) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 23) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

A judgment will enter in accordance with this Order.

Dated: September 16, 2022              /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE